# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 12-05682 MMM (RZx) | Date | July 13, 2012 |

| | |
|---|---|
| Title | *Estela Avalos v. K Mart Corp., et al.* |

Present: The Honorable   MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

Proceedings:   **Order to Show Cause Why Action Should Not Be Remanded For Lack of Subject Matter Jurisdiction; Notice of Potential Procedural Defect in Removal**

## I. BACKGROUND

On May 24, 2012, plaintiff Estela Avalos commenced this action in state court against defendants K Mart Corporation ("K Mart") and Sears, Roebuck, and Co. ("Sears").[1]  On June 29, 2012, defendants removed the action, invoking the court's federal question jurisdiction under 28 U.S.C. §1331.[2]  Defendants alleged that the plaintiff's complaint arises under 42 U.S.C. § 2000, et seq. and 42 U.S.C. § 19871.[3]  However, the plaintiff's complaint does not allege violations of federal law; rather it only alleges negligence and violations of the California Civil Code.[4]  Further, it is unclear whether defendants' notice of removal was timely under 28 U.S.C. § 1446(b).

---

[1]Notice of Removal ("Removal"), Docket No. 1 (June, 29, 2012), Ex. A ("Complaint").

[2]Removal at 1-2.

[3]*Id.* at 2.

[4]Complaint at 1.

1

## II.  DISCUSSION

### A.     Federal Question Jurisdiction

Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions *arising under* the Constitution, laws, or treaties of the United States" (emphasis added).  Federal question jurisdiction is presumed absent unless defendants, as the party seeking to invoke this court's jurisdiction, *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936), show that plaintiffs have either alleged a federal cause of action, *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) ("a suit arises under the law that creates the action"), a state cause of action that turns on a substantial dispositive issue of federal law, *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921), or a state cause of action that Congress has transformed into an inherently federal cause of action by completely preempting the field of its subject matter, *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987).

The question of whether a claim "arises under" federal law must be determined by reference to the "well-pleaded complaint." *Franchise Tax Bd.*, *supra*, 463 U.S. at 9-10.  Since a defendant may remove a case under 28 U.S.C. § 1441(b) only if the claim could have been brought in federal court, the question for removal jurisdiction must also be determined by reference to the "well-pleaded complaint." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986).  The well-pleaded complaint rule makes the plaintiff the "master of the claim" for purposes of removal jurisdiction. *Caterpillar*, *supra*, 482 U.S. at 392.  Thus, where the plaintiff could maintain claims under both federal and state law, plaintiff can prevent removal by ignoring the federal claim and alleging only state law claims. *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 344 (9th Cir.1996).

For federal question jurisdiction to attach, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936).  Only where the "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties" does a state law cause of action "arise under" the laws of the United States. *Franchise Tax Bd., supra,* 463 U.S. at 13 (1983).  A claim does not present a "substantial question" of federal law merely because a federal question is an "ingredient" of the cause of action. Indeed, "the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Merrell Dow, supra*, 478 U.S. at 813.

Likewise, it is not enough for removal purposes that a federal question may arise during the litigation in connection with a defense or counterclaim.  "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, supra*, 482 U.S. at 392.  See also *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).  "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998).  See also *Taylor, supra*, 481 U.S. at 63; *Gully,*

2

*supra*, 299 U.S. at 112 ("To bring a case within the [federal-question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action."). Thus, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd., supra*, 463 U.S. at 14.

Here, the complaint pleads one negligence cause of action and two causes of action under the California Civil Code, which are all claims arising under state law. The complaint pleads no federal question on its face. While the plaintiff mentions the American with Disabilities Act in her complaint, she does not allege a cause of action under this federal act. While defendants contend that federal violations of 42 U.S.C. § 2000, et seq. and 42 U.S.C. § 19871 apply in this case, these violations are not alleged in plaintiff's complaint, and it is not clear from either the complaint or the notice of removal how plaintiff's alleged violation of federal law constitutes an essential element of its claim. "The mere mention of federal statutes, absent assertion of a claim under those statutes, does not provide grounds for federal question jurisdiction." *Moore v. City of Los Angeles*, No. 09-02587, 2009 WL 1705682, *3 (C.D. Cal. 2009). Consequently, defendants have failed to meet his burden of demonstrating that federal question jurisdiction exists in this case.

### B.    Procedural Defects in Removal

The right to remove a case to federal court is entirely a creature of statute. See *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). The removal statute, 28 U.S.C. § 1441, allows defendants to remove when a case originally filed in state court presents a federal question or is between citizens of different states. See 28 U.S.C. §§ 1441(a), (b). Only state court actions that could originally have been filed in federal court may be removed. 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending"); see *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988)

Parties seeking to remove must comply with certain procedural mandates. Among these is a requirement that a notice of removal be filed within thirty days after service of the summons and complaint. 28 U.S.C. § 1446(b); see *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). The statute provides for a renewed thirty-day removal period if the original complaint is not removable. This period commences on the defendants' receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ." 28 U.S.C. § 1446(b).

The removing defendants bear the burden of establishing that removal is proper. See *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996) (when removing a case to federal court, defendants bear the burden of proving, by a preponderance of the evidence, actual facts

sufficient to support jurisdiction); see also *Gaus v. Miles*, 980 F. 2d. 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)). The removal statute is strictly construed against removal, and all doubts respecting jurisdiction are resolved in favor of remand. *California ex rel. Lockyer v. Dynegy,* Inc., 375 F.3d 831, 838 (9th Cir. 2004); Gaus, 980 F.2d at 566; *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979).

The complaint in this action was filed in state court on May 24, 2012. Defendants allege that they were served with the complaint on May 31, 2012. Defendants claim that their removal was timely because they filed their notice of removal on June 29, 2012, less than thirty (30) days since it was served with the complaint on May 31, 2012. However, defendants have not proffered a proof of service demonstrating that they were served on the alleged date. Defendants may have been served on May 24, 2012, the date the complaint was filed. If this is the case, then the defendants' removal of this action may be untimely under 42 U.S.C. § 1446.[5]

The court, however, cannot *sua sponte* remand a case for a procedural defect in removal. See *Kelton Arms Condominium Owners Association, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192-93 (9th Cir. 2003). Failure to comply with the thirty-day time limitation renders the removal procedurally defective. See *Emrich*, 846 F.2d at 1192 n. 1. Because procedural defects in removal are not jurisdictional, they may be waived. *Ford v. New United Motors Mfg., Inc.*, 857 F.Supp. 707, 708 (N.D. Cal. 1994).

## III.  CONCLUSION

In order to assure proper jurisdiction, the court orders defendants to show cause on or before July 23, 2012**,** why the court should not remand this action to Los Angeles Superior Court for lack of subject matter jurisdiction. **Failure to respond to the court's order may result in immediate remand of this action.** Plaintiff may file a response to defendants' pleading on or before July 30, 2012.

---

[5]Rule 6(a) of the Federal Rules of Civil Procedure governs "computing any time period specified" in any statute, including § 1446. See *Wells v. Gateways Hosp. & Mental Health Ctr.*, 76 F.3d 390, 1996 WL 36184, *1 (9th Cir.1996) (Unpub. Disp.). In calculating a deadline under Rule 6(a), the day of the act or event that begins the period is excluded – here, the date on which service was effected. FED.R.CIV.PROC. 6(a)(1). When a period is longer than eleven days, intermediate Saturdays, Sundays, and legal holidays are counted. FED.R.CIV.PROC. 6(a)(2). Under Rule 6, if defendants were served on May 31, 2012, they had until July 2, 2012 to remove. However, if they were served on May 24, 2012**,** they should have removed no later than June 25, 2012.

Further, if plaintiff does not file a motion for remand by July 29, 2012, the court will assume that plaintiff waives any procedural objections it would otherwise be entitled to assert to defendants' notice of removal.  If plaintiff chooses to file a motion for remand, the court directs it to include a proof of service verifying plaintiff's statement that defendants were served prior to May 31, 2012.