JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 12-05682 MMM (RZx) | Date | July 24, 2012 |

Title: *Avalos v. K-Mart Corp., et al.*

Present: The Honorable **MARGARET M. MORROW**

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     [In Chambers] Order Remanding Action

      On May 24, 2012, plaintiff Estela Avalos commenced this action in Ventura Superior Court against defendants K Mart Corporation ("K Mart") and Sears, Roebuck, and Co. ("Sears").[1] On June 29, 2012, defendants removed the action, invoking the court's federal question jurisdiction under 28 U.S.C. §1331.[2] Defendants asserted that plaintiff's complaint arises under 42 U.S.C. § 2000, et seq. and 42 U.S.C. § 19871,[3] despite the fact that the complaint brings only state law causes of action for negligence and violations of the California Civil Code.[4]

      On July 13, 2012, the court ordered defendants to show cause why this action should not be remanded for lack of subject matter jurisdiction, observing that the complaint pleads no federal question on its face.[5] While the plaintiff mentions the American with Disabilities Act in her complaint, she does not allege a cause of action under this federal act. Additionally, while defendants contend that federal violations of 42 U.S.C. § 2000, et seq. and 42 U.S.C. § 19871 apply in this case, these violations are not alleged in plaintiff's complaint, and it is not clear from either the complaint or the notice of removal how plaintiff's alleged violation of federal law constitutes an essential element of its claim. "The mere mention of federal statutes, absent assertion of a claim under those statutes, does not provide grounds for federal question jurisdiction." *Moore v. City of Los Angeles*, No. 09-02587, 2009 WL 1705682, *3 (C.D. Cal. 2009). The court also identified a potential procedural

---

[1] Notice of Removal ("Removal"), Docket No. 1 (June, 29, 2012), Ex. A ("Complaint").

[2] Removal at 1-2.

[3] *Id.* at 2.

[4] Complaint at 1.

[5] Order to Show Cause, Docket No. 7 (July 13, 2012).

defect in the removal, as it was unclear based on the pleadings and the evidence submitted that the action was timely removed. The court's order directed defendants to show cause on or before July 23, 2012, why the action should not be remanded for lack of jurisdiction.

On July 17, 2012, defendants responded to the court's order by filing a notice of non-opposition to the court's order to show cause, stating their consent to remanding the matter.[6] For the reasons stated in the court's order to show cause, and because of defendants' failure to meet their burden of demonstrating the court's jurisdiction over this case, the court concludes that it lacks jurisdiction over this matter.

For the reasons stated, the clerk is directed to remand this case to Ventura Superior Court forthwith.

---

[6] Defendants' Notice of Non-Opposition to OSC re: Remand, Docket No. 10 (July 17, 2012).